**Jill G. Odell, OSB #973581**
E-mail: jillo@oandc.com
**Kelly Clark, OSB #831723**
E-Mail: kellyc@oandc.com
**Kristian Roggendorf, OSB #013990**
E-Mail: ksr@oandc.com
O'DONNELL CLARK & CREW  LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, OR 97209
Telephone Number: 503-306-0224
Facsimile Number: 503-306-0257

*Of Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JANE DOE, a minor individual proceeding under an assumed name, by and through her Guardian *Ad Litem,* Farley, Piazza & Associates,** | Case No. 3:10-CV-01172-JE |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | (42 U.S.C. § 2000(d)—Discrimination in Federally Funded Program; 42 U.S.C. § 1983 —Violation of Equal Protection; Negligence; Negligence *Per Se*) |
| **GLADSTONE SCHOOL DISTRICT**, an Oregon Public School district, authorized by the laws of the State of Oregon; **ROBERT STEWART**, in his individual capacity; **PIA LEONARD**, in her individual capacity; **NANCY BAILEY,** in her individual capacity; **GINGER GREEN**, in her individual capacity; **KEVIN ANDERSON**, in his individual capacity; **KIM NOMENSON**, in her individual capacity; and **LORI CHAMBERS**, in her individual capacity; | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## PRELIMINARY STATEMENT

### 1.

This is an action for monetary relief—including punitive damages, attorney fees and costs—to redress blatant, cruel, complained-of, well-known, and unaddressed racial harassment directed against a sixth grade African-American girl by students at an Oregon middle school.

## STATEMENT OF JURISDICTION AND VENUE

### 2.

This Court has jurisdiction over this case pursuant to 28 U.S.C. Section 1331 (federal question) and 28 U.S.C. Section 1343 (civil rights).  Venue is proper in this district under 28 U.S.C. Section 1391(b) because all parties reside in the District of Oregon and Plaintiff's claims for relief arose in this district.

## PARTIES

### 3.

Plaintiff "Jane Doe" (hereinafter "Plaintiff") is currently thirteen years old who, at all times relevant to this complaint, was an unemancipated minor child.  Plaintiff brings this action through Farley, Piazza & Associates, her duly appointed guardian ad litem.  Plaintiff is a black American of African and Haitian descent.  During the 2009-2010 academic school year, Plaintiff was a student at Kraxberger Middle School (hereinafter "Kraxberger") in the Gladstone School District.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

4.

Defendant Gladstone School District (hereinafter "GSD") is a local public body governed by the laws of Oregon, with its principal place of business at 17789 Webster Road, Gladstone, Oregon. At all material times, Defendant Robert Stewart ("Defendant Stewart") was the Superintendent and final policy maker for GSD. Kraxberger is an administrative subdivision of Defendant GSD.

5.

At all material times, Defendant Pia Leonard (hereinafter "Defendant Leonard") worked for GDS as an assistant to Superintendent Bob Stewart. On information and belief, Defendant Stewart exercised control over Defendant Leonard's activities at issue in this case.

6.

At all material times, Defendant Nancy Bailey (hereinafter "Defendant Bailey") was the principal of Kraxberger. Her duties included supervising teachers and staff at Kraxberger, resolving conflicts between students, and imposing appropriate student discipline when needed.

7.

At all material times, Defendant Lori Chambers (hereinafter "Defendant Chambers") was a teacher employed by Kraxberger and was Plaintiff's primary teacher. Her duties included resolving conflicts between students in her classroom and imposing appropriate student discipline when needed.

8.

At all material times, Defendant Ginger Green (hereinafter "Defendant Green") was a teacher assistant to Defendant Chambers and was employed by Kraxberger. Her duties including resolving conflicts between students in her classroom and imposing appropriate

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

Page 3  –     FIRST AMENDED COMPLAINT

student discipline when needed.

9.

At all material times, Defendant Kevin Anderson (hereinafter "Defendant Anderson") was the vice principal of Kraxberger.  His duties included resolving conflicts between students and imposing appropriate student discipline when needed.

10.

At all material times, Defendant Kim Nomenson (hereinafter "Defendant Nomenson") was the school counselor of Kraxberger.  Her duties included resolving conflicts between students and providing counseling services to students.

11.

At all material times, all Defendants acted under color of state law.  At all material times, the individual Defendants acted in the time and space limits of their employment or agency with Defendant GSD, performed acts of a type required of their agency with Defendant GSD, and acted, at least in part, to further the interests of GSD.  Defendant GSD consented to have the individual Defendants act on its behalf.  All individual Defendants are white.

**COMMON ALLEGATIONS AND CLAIMS FOR RELIEF**

12.

In or about July 2009, Plaintiff moved with her family into the Gladstone School District to escape racial discrimination that she and her family had experienced in the Centennial School District.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

13.

In or about September 2009, Plaintiff's mother registered her to attend Kraxberger for the seventh grade.  Kraxberger had a student body population of approximately 500 students with a few black students.  At the time of registration, Plaintiff's mother had a meeting with Defendant Bailey and Defendant Nomenson, separately, and informed them about the past discrimination Plaintiff had experienced at her last school.  Plaintiff's mother also informed Defendants Bailey and Nomenson of her own learning disability.

14.

At the beginning of the school year, Plaintiff was walking down a hallway at Kraxberger when a white student, student "A," called Plaintiff "nigger" and pushed her.  Plaintiff did not push student "A" back.   Plaintiff told Defendant Bailey about the incident and Defendant Bailey punished both student "A" and Plaintiff by requiring them to spend the rest of the school day in a time-out room.

15.

On or about November 9, 2009, Plaintiff attempted to sit next to a white student, student "B", in the Kraxberger cafeteria and student "B" pushed her tray away and said, "No 'niggers' are allowed to sit here."  When Plaintiff told Defendant Bailey what had happened, Defendant Bailey defended student "B" and said that there were not many black people in Gladstone and that "student B" just did not understand.

16.

In or about November 2009, Plaintiff's mother went to GDS to report several incidents of racial discrimination against Plaintiff at Kraxberger.  Plaintiff's mother spoke to Defendant Leonard at Superintendent Stewart's office about the discrimination and asked for a complaint

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

form to fill out.  Defendant Leonard told Plaintiff's mother that GDS did not have any complaint

forms, gave Plaintiff's mother a piece of scrap paper, and told her she could write on the back of

it.  Due to Plaintiff's mother's learning disability, she asked her friend to write about the

discrimination on the back of the piece of scrap paper.  Plaintiff's mother was never contacted by

GSD regarding her complaint.

17.

Because GSD did not respond to Plaintiff's mother regarding her complaint, in or about

December 2009, Plaintiff's mother requested a meeting with Defendants Bailey and Nomenson.

At the meeting, which occurred in or about January 2010, Plaintiff's mother and Plaintiff

described several incidents of racial discrimination and requested that Defendants Bailey and

Nomenson take affirmative steps to address the hostile and discriminatory environment.

Defendant Bailey defended the actions of the offending Kraxberger students by stating that they

were not used to being outside of Gladstone, that there were not a lot of black people in

Gladstone, and that they did not know how it feels to be black.  In response, Plaintiff's mother

suggested that Defendants Bailey and Nomenson "set the correct tone" at the school by having

an assembly to educate the students on racial issues and how it is wrong to discriminate against

others who have different backgrounds.

18.

Approximately two weeks after the meeting referenced in the above paragraph,

Defendant Bailey called Plaintiff's mother and told her that Superintendent Stewart had decided

not to do anything to address Plaintiff's mother's complaints and that the school would not hold

an assembly to educate students about discrimination.  Defendant Bailey's representations about

Defendant Stewart's decision serve as admissions by a party about Defendant Stewart's personal

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

Page 6  –      FIRST AMENDED COMPLAINT

knowledge and involvement in this matter.

19.

On or about February 7, 2010, two white students, student "D" and student "E" shoved Plaintiff's head into a locker and shouted "nigger" at her.  Plaintiff found Defendant Anderson and told him what had happened.  While talking to Defendant Anderson, student "D" and student "E" began cursing at Plaintiff, and Plaintiff cursed back at them.  Defendant Anderson verbally reprimanded Plaintiff for cursing; however, he did not reprimand student "D" and student "E" for their behavior.  Plaintiff told Defendant Anderson that she was tired of people calling her "nigger" and hitting her.  Defendant Anderson warned Plaintiff that if she ever physically defended herself against a physical assault that she would be automatically expelled.  Plaintiff never received any medical treatment for her head injury, and she subsequently suffered several headaches.

20.

On or about February 7, 2010, Plaintiff's mother contacted the Oregon Department of Education and spoke with Winston Cornwall about the racial discrimination at Kraxberger, and GDS's failure to do anything about it.  Mr. Cornwall, who is a Civil Rights Education Program Specialist in the Office of Student Learning & Partnerships, told Plaintiff's mother that he would contact Defendant Bailey about the discrimination and would get back in touch with Plaintiff's mother.  Despite Plaintiff's mother's numerous phone calls to Mr. Winston over the next couple of weeks, Mr. Winston never contacted Plaintiff's mother again.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

21.

Subsequent to the Haiti earthquake, which occurred in or about January 2010, Plaintiff told students that she was half Haitian and that she was very concerned about her relatives in Haiti.  Thereafter, students began teasing Plaintiff about having "Haitian body odor" and called her "HBO."  Specifically, on one occasion a white student, student "C" told Plaintiff that she had "Haitian body odor."  Plaintiff told Defendant Bailey that student "C"  was teasing her about being Haitian and Defendant Bailey said she would talk to student "C."

22.

On or about March 18, 2010, a white student, student "F," told Plaintiff during class that he had heard that black people put mayonnaise in their hair.  Plaintiff told Defendant Green and she told Plaintiff that she should not be offended by the comment by student "F" because in Defendant's Green's words, "it's true that black people used to put mayonnaise in their hair." Defendant Green—Defendant Chamber's teaching assistant—said that she could pull up some research on the internet proving that black people used to put mayonnaise in their hair, and asked Plaintiff if she wanted to see the research.  Plaintiff refused.  Plaintiff told Defendant Bailey about the incident, but to Plaintiff's knowledge, Defendant Bailey did not do anything about it.

23.

On or about March 26, 2010, a white student, student "G" ridiculed Plaintiff and called her "shit oreo."  Plaintiff told Defendant Chambers and she said that she would talk to student "G" about it.

24.

On or about April 2, 2010, a white student, student "H" told Plaintiff that "nigger" was her favorite word.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

25.

On or about April 7, 2010, student "I" said to Plaintiff, "Hey "nigger", do you have any mayonnaise?" Plaintiff told Defendant Bailey, who said she would "pull the tape," which meant she would pull the surveillance tape for review.

26.

On or about April 8, 2010, during lunch, student "C" spit in Plaintiff's food and said that she did not like black people, that "all black people stink," and that they "do not deserve to live." Plaintiff told Defendant Bailey and she made student "C" sit in a time out room for approximately 5–10 minutes.

27.

On or about April 13, 2010, student "I" told Plaintiff that she was as dark as the sky. Plaintiff told Defendant Bailey and she said that she would talk to student "I" about it, but student "I" continued to make the comment.

28.

On or about April 13, 2010, student "J" told Plaintiff that she was as dark as charcoal. Plaintiff told Defendant Bailey, who appeared to get frustrated and said that she did not want to hear about it.

29.

On or about April 13, 2010, during math class, a white student, student "K" called Plaintiff a "nigger" and said that she put mayonnaise in her hair. The math teacher told student "K" that the mayonnaise joke was on the verge of being racist, but said nothing about student "K's" use of the epithet.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

30.

On or about April 14, 2010, Plaintiff talked to Defendant Bailey about the racist

comments made by student "I" and student "J" the day before.  Defendant Bailey told Plaintiff

that she was being racist because she referred to student "I" and student "J" as "Mexicans,"

when they were of Latino ancestry.

31.

On or about April 19, 2010, Plaintiff's mother and Plaintiff had another meeting at the

school at the request of Plaintiff's mother.  In attendance at the meeting were Defendants Bailey,

Nomenson, Anderson, Leonard, and also Bill West.  West works for the Arc of Oregon, an

organization that provides assistance to people with intellectual and developmental disabilities,

and provides services to Plaintiff's mother due to her learning disability.  At the meeting,

Plaintiff and Plaintiff's mother discussed the repeated incidents of racial discrimination and

again requested that Defendants take affirmative steps to address the hostile and discriminatory

environment.  Defendant Bailey started crying and became defensive, again stating that

Gladstone kids are not used to being outside of the community.  It appeared to Plaintiff and her

mother that Defendant Leonard was irritated at the meeting, as if she did not want to deal with it.

No resolution or plan of action resulted from the meeting.

32.

On or about April 30, 2010, a white student, student "L," told another white student,

student "M," to take a package of mayonnaise to Plaintiff and tell her to put it in her hair, which

he did.  Plaintiff told Defendant Bailey and she put them in the time out room.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

33.

On or about May 5, 2010, white students, students "N," "O," "A," and "P," told the classroom that Plaintiff had paint in her hair and that she should wash it out with mayonnaise. Plaintiff told Defendant Anderson, and he said that he would see if there were any witnesses.

34.

On or about May 6, 2010, a white student, student "Q", told Plaintiff that her nickname should be "Mayonnaise." Plaintiff told Defendant Chambers and she said that she would talk to student "Q."

35.

On or about May 7, 2010, a white student, student "R," told Plaintiff that she looked like "poop." Plaintiff told Defendant Bailey and she said that she would talk to student "R."

36.

On or about May 10, 2010, a white student, student "Q," told Plaintiff that her nickname should be "Mayonnaise," and a white student, student "S," cursed at Plaintiff. Plaintiff told Defendant Chambers and she said that she would talk to students "Q" and "S."

37.

On or about May 11, 2010, student "Q" again called Plaintiff "Mayonnaise." Plaintiff told Defendant Bailey and she said that she said that she would talk to him.

38.

On or about May 17, 2010, white students, students "T" and "U," told Plaintiff that she put mayonnaise in her hair and that she had a disease. Plaintiff told Defendant Bailey and she said that she would talk to them.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

39.

On or about May 20, 2010, a white student, student "V," told other students in front of Plaintiff that she put mayonnaise in her hair.  Plaintiff told Defendant Bailey and she said that she would talk to them.

40.

On or about June 2, 2010, several white students yelled "nigger" at Plaintiff and threw paper at her.  Plaintiff told Defendant Bailey and she said "Oh well."

41.

On or about June 3, 2010, a white student, student "S," called Plaintiff "Mayonnaise." Plaintiff told Defendant Bailey and she said that she would talk to him.

42.

On or about June 3, 2010, Plaintiff was walking in the school parking lot when white students "W" and "X" approached her.  Student "W" asked Plaintiff if she would ever consider him black and student "X" asked student "W" if he would ever consider Plaintiff white; student "W" said "fuck no."  Plaintiff told Defendant Bailey and she said that she would talk to them.

43.

On or about June 4, 2010, a white student, student "S," told Plaintiff that she needed a "hair cut greaser."  Plaintiff told Defendant Bailey and she said that she would see if there were any witnesses.

44.

On or about June 11, 2010, which was the last day of school, student "C" told Plaintiff that she did not like black people and that "all black people stink because they are so black." Plaintiff told Defendant Bailey and she said that she would talk to student "C."

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

45.

Throughout the school year, Plaintiff stayed home from school approximately seven days in order to avoid racial harassment. Plaintiff told Defendant Chambers that she was staying home because of the racial discrimination. When Defendant Bailey asked Plaintiff on one occasion why she was not at school the prior day, Plaintiff said because she was tired of being called a "nigger" and tired of the "mayonnaise" joke.

46.

Throughout the school year, Defendant Chambers instructed all of her students to keep a writing journal, which Defendant Chambers would read and grade weekly. Defendant Chambers read Plaintiff's journal throughout the school year and was aware of Plaintiff's journal entries that described the painful effects of the discrimination she received at school.

47.

On or about February 3, 2010, Plaintiff wrote the following in her school journal: "I think that prejudice exists in the world because some people don't accept you for who you are. Because I know how it feels to be in the skin I'm in and be treated with racism and being called nigger everyday and I know that it hurts. But everyone deserves to be on this earth no matter what. I know that I deserve to live." Defendant Chambers graded this journal entry by placing a check mark beside it in the margin.

48.

In or about February 2010, Plaintiff wrote about racism and its harmful effects in a mandatory state writing test. Plaintiff's writing sample included the following: "Hatred is a strong word. Racism is even stronger. I never thought I could handle the situation at all. Right now you will find out how it hurts to be in the skin that I am in and how it feels to not be

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

welcome anywhere.  Disrespected, hate, rude, unwanted, embarrassed ... there is no way to describe this pain.  Being called nigger each day didn't help. ... The worst part of all was not getting the support I needed from principals, counselors, even teachers. ...  I started to lose my self respect, and faith I had in myself. ...  I deserve to walk this earth like everyone else. ...  This pain will be in my heart for eternity but I know I can make it through."  Defendant Chambers gave Plaintiff a "D" on the writing test, and never spoke to Plaintiff about its content.

### FIRST CLAIM FOR RELIEF
Against Defendant GDS
42 U.S.C. §2000d (Title VI) — Discrimination in Federally Funded Program

49.

Plaintiff realleges and incorporates by reference paragraphs 1 through 49, above.

50.

Defendant GDS receives federal funding for its operation.  Plaintiff is an intended beneficiary of that federally-funded program.  Defendant GSD had disciplinary control over the students who harassed Plaintiff.  To the extent any state sovereign immunity exists for a school district in Oregon, 42 U.S.C. § 2000d specifically abrogates such immunity.

51.

The ongoing racial harassment by the students at Kraxberger, described above, was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to the educational opportunities or benefits provided by the school—benefits funded by federal money.  Particularly when viewed in the aggregate, the above actions demonstrate an environment in which Plaintiff could not possibly obtain an education.  This racial harassment was tolerated or condoned by the agents and employees of Defendant GDS.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

52.

Through the frequent and detailed reports by Plaintiff and Plaintiff's mother to numerous

District agents and employees—including a complaint to District Staff and the apparent

knowledge of the Superintendent himself—Defendant GDS had actual knowledge of the racial

harassment of Plaintiff by other Kraxberger students.

53.

Defendant GDS's response to this knowledge was clearly unreasonable in light of known

circumstances, and Defendant GSD was deliberately indifferent to the racial harassment of

Plaintiff by her fellow students.  After repeated and consistent reports from Plaintiff  and

Plaintiff's mother of racial animus by dozens of other students, and after repeated commitments

to either speak to the other students or investigate the allegations, nothing changed the entire

school year.  Thus, Defendant GSD knew that whatever remedial steps that were taken were

wholly ineffective.  Defendant GSD allowed the racial harassment to continue, thus making an

official decision not to remedy the situation.  Alternatively, as a black child, Plaintiff's

frequently being called the most heinous epithet in modern English by her white peers exposed

her to a risk of discrimination that is so substantial and obvious that a failure to act can only be

considered intentional, and the result of deliberate indifference.

54.

Defendant GSD had a legal duty to take reasonable steps to eliminate this racially hostile

environment.  By failing to remedy the situation, Defendant GSD is liable for damages to

Plaintiff under 42 U.S.C. § 2000d.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

55.

As a result of Defendant GSD's intentional countenancing of a racially hostile school environment, Plaintiff has incurred economic and non-economic damages in an amount to be proven at time of trial.

56.

If successful against Defendant GSD on this claim, Plaintiff is entitled to reasonable attorney fees pursuant to 42 U.S.C. §1988.


**SECOND CLAIM FOR RELIEF**
Against Defendant GDS
42 U.S.C. §1983 - Violation of Equal Protection

57.

Plaintiff realleges and incorporates by reference paragraphs 1 through 57, above.

58.

Pursuant to the Fourteenth Amendment to the United States Constitution, Plaintiff is entitled to equal protection of the law.  Plaintiff has a constitutionally protected liberty interest in an education free of racial discrimination.

59.

While acting under the color of state law, Defendant GSD acted in a discriminatory manner as described above, and deprived Plaintiff of the right to attend school free of overt, pervasive, and officially countenanced racial harassment. After receiving multiple notices of severe, pervasive, and continuing racial harassment and a racially hostile environment, GSD intentionally refused to take any effective and reasonable steps to eliminate the known racial harassment directed at Plaintiff by a number of other students at Kraxberger.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

60.

The lack of response from Kraxberger and GSD employees to complaints and reports made by Plaintiff and Plaintiff's mother demonstrated a custom or policy of deliberate indifference by failing to train teachers and educate students about racial discrimination, by refusing to address complaints of racial harassment, by failing to implement or enforce the school district's policy prohibiting discrimination, and by failing to establish a process through which complaints of racial harassment would be investigated and problems remedied.  The agents of GSD, acting under color of state law, followed this custom or policy—a longstanding practice that constituted the standard operating procedure of GSD—in refusing to act on Plaintiff's complaints and reports of racial harassment.  Additionally, in his in refusal to require any school-wide training on racial harassment, the actions by Superintendent Stewart—the final policymaker for the district in this respect—represented the actions of a final policymaking official that are attributable to the District under Section 1983.

61.

As a result of Defendant GSD's intentional countenancing of a racially hostile school environment, Plaintiff has incurred economic and non-economic damages in an amount to be proven at time of trial.

62.

If successful against GSD on this claim, Plaintiff is entitled to reasonable attorney fees pursuant to 42 U.S.C. §1988.

63.

The conduct of Defendant GSD showed a reckless or callous indifference to the federally protected rights of Plaintiff.  Plaintiff is entitled to an award of punitive damages against

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

Defendant GSD in an amount to be proven at trial.


### THIRD CLAIM FOR RELIEF
Against Defendants Stewart, Leonard, Bailey, Green, Anderson, Nomenson,
and Chambers in their individual capacities
42 U.S.C. §1983 - Violation of Equal Protection

64.

Plaintiff realleges and incorporates by reference paragraphs 1 through 64, above.


65.

Plaintiff has a constitutional liberty interest in an education free of overt, pervasive, and officially countenanced racial harassment.

66.

The personal, specific, intentional actions of each of these individual Defendants regarding their response to Plaintiff's complaints of racial harassment, described fully above, were undertaken under color of state law, and deprived Plaintiff of her constitutional right to equal protection under the law.

67.

The actions of the individual Defendants demonstrated deliberate indifference to Plaintiff's constitutional rights by ignoring or failing to remedy the students' persistent and severe racial harassment of Plaintiff.   Plaintiff was denied equal protection of the law through these individual Defendants' deliberate indifference.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

68.

As a result of individual Defendants' deliberate indifference to a racially hostile school environment, Plaintiff has incurred economic and non-economic damages in an amount to be proven at time of trial.

69.

The conduct of the individual Defendants showed a reckless or callous indifference to the federally protected rights of Plaintiff.  Plaintiff is entitled to an award of punitive damages against the individual defendants in an amount to be proven at trial

70.

If successful against individual Defendants on this claim, Plaintiff is entitled to reasonable attorney fees pursuant to 42 U.S.C. §1988.

**FOURTH CLAIM FOR RELIEF**
Against all Defendants
42 U.S.C. §1983 - Violation of Substantive Due Process

71.

Plaintiff realleges and incorporates by reference paragraphs 1 through 71, above.

72.

Pursuant to the Fourteenth Amendment of the US Constitution, Plaintiff is entitled to Due Process of Law before any governmental intervention that causes the loss of life, liberty, or property.  Plaintiff had a constitutional liberty interest in an education free of overt, pervasive, and officially countenanced racial harassment.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

73.

The Defendants owed Plaintiff a duty of care and protection from racial discrimination at school. A special relationship existed between Plaintiff and Defendants because Plaintiff's attendance at school was required pursuant to Oregon Law, Plaintiff's mother's learning disability prohibited her from home-schooling Plaintiff, and Defendants restrained Plaintiff's individual freedom to act on her own behalf through school disciplinary rules.

74.

The personal, specific, intentional actions of each of these individual Defendants regarding their response to Plaintiff's complaints of racial harassment, described fully above, were undertaken under color of state law, and deprived Plaintiff of her constitutional right to equal protection under the law.

75.

The actions of the individual Defendants demonstrated deliberate indifference to Plaintiff's constitutional rights by ignoring or failing to remedy the students' persistent and severe racial discrimination towards Plaintiff.  Plaintiff was deprived of her constitutionally protected liberty interest in her education through these individual Defendants' deliberate indifference.  The actions of Defendants in failing to remedy the racial harassment suffered by Plaintiff shock the conscience, and offend judicial notions of fairness and human dignity.

76.

As a result of individual Defendants' deliberate indifference to a racially hostile school environment, Plaintiff has incurred economic and non-economic damages in an amount to be proven at time of trial.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

77.

The conduct of Defendants showed a reckless or callous indifference to the federally protected rights of Plaintiff.  Plaintiff is entitled to an award of punitive damages against the individual defendants in an amount to be proven at trial.

78.

If successful against individual Defendants' on this claim, Plaintiff is entitled to reasonable attorney fees pursuant to 42 U.S.C. §1988.

**FIFTH CLAIM FOR RELIEF**
Against all Defendants
Negligence

79.

Plaintiff realleges and incorporates by reference paragraphs 1 through 79, above.

80.

Defendants had a special relationship with Plaintiff by virtue of state law which mandates school attendance, and their *in loco parentis* status during the school day.  This special relationship created a duty of care on the part of Defendants to ensure Plaintiff's protection against unconstitutional racial discrimination to every extent possible.

81.

Throughout the 2009–2010 school year, Defendants knew that students were harassing and discriminating against Plaintiff based on her race, and Defendants failed to take reasonable steps to investigate, remedy, and prevent such discrimination.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

82.

It was foreseeable to Defendants that Plaintiff—a member of the class of children that need to be protected from racial discrimination—would continue to suffer racial harassed from other students if they did not take effective remedial measures.  Defendants' failure to reasonably investigate and discipline students for racially harassing Plaintiff, and their failure to prevent future racial harassment, created an environment in which students knew such discrimination was permissible.  Thus, Defendants' failure to discipline students and reasonably address incidents of discrimination created a foreseeable risk of harm to Plaintiff.

83.

Defendants' failure to protect Plaintiff from racial discrimination was a direct cause of the injuries and damages suffered by Plaintiff.

84.

As a result of individual Defendants' deliberate indifference to a racially hostile school environment, Plaintiff has incurred economic and non-economic damages in an amount to be proven at time of trial.

85.

The conduct of the individual Defendants showed malice or a reckless and outrageous indifference to a highly unreasonable risk of harm, and was undertaken with a conscious indifference to the health, safety and welfare of Plaintiff.  Plaintiff is entitled to an award of punitive damages against the individual Defendants in an amount to be proven at trial.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

## SIXTH CLAIM FOR RELIEF
### Against all Defendants
### Negligence *Per Se*

86.

Plaintiff realleges and incorporates by reference paragraphs 1 through 86, above

87.

At all material times, state statutes and rules prohibited harassment and racial

discrimination in public schools, and required school districts to develop and implement plans to

assure that students are not harassed and discriminated against based on race.  These laws can be

found at ORS 659.850, ORS 339.356, OAR 58-021-0045, OAR 58-021-0045, OAR 58-021-

0046, OAR 58-021-0049, and OAR 58-022-1140.  The plans mandated by statute and rule must

include written procedures for the prompt resolution of complaints of discrimination.  These

laws set the reasonable standard of care of public officials when confronting racial

discrimination and harassment in Oregon.

88.

Plaintiff comes directly within the purview and protection of the statutes and rules

described above by virtue or the fact that she is African-American and she made complaints of

harassment and racial discrimination to Defendants.

89.

Throughout the 2009–2010 school year, Defendants violated the statutes and rules

described above, by failing to develop or implement a mandated plan.  This failure was a direct

cause of Plaintiff's injuries and damages.

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

Case 3:10-cv-01172-JE    Document 20    Filed 11/05/10    Page 24 of 25

90.

As a result of Defendants' deliberate indifference to a racially hostile school environment, Plaintiff has incurred economic and non-economic damages in an amount to be proven at time of trial.

91.

The conduct of the individual Defendants showed malice or a reckless and outrageous indifference to a highly unreasonable risk of harm, and was undertaken with a conscious indifference to the health, safety and welfare of Plaintiff.  Plaintiff is entitled to an award of punitive damages against the individual Defendants in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.      If successful on any of the Claims for Relief, non-economic damages in an amount to be determined at trial;

2.      If successful on any of the Claims for Relief, economic damages in an amount to be determined at trial;

3.      If successful on Plaintiff's First, Second, Third, or Fourth Claims for Relief, reasonable attorney fees pursuant to 42 U.S.C. § 1988;

4.      If successful on Plaintiff's Second, Third, Fourth, Fifth, or Sixth Claims for Relief, punitive damages in an amount to be determined at trial;

/ / / /

/ / / /

/ / / /

/ / / /

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257

Page 24  –      FIRST AMENDED COMPLAINT

5.      For Plaintiff's costs and disbursements incurred herein; and

6.      For any other relief this Court deems just and appropriate.

DATED this _____ day of November, 2010.

**O'DONNELL CLARK & CREW LLP**


_____
Jill G. Odell, OSB No. 973581
Kelly Clark, OSB No. 831723
Kristian Roggendorf, OSB No. 013990
(503)306-0224
    *Of Attorneys for Plaintiff*

O'DONNELL CLARK & CREW LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, Oregon  97209
Phone 503-306-0224  Fax 503-306-0257